UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| PAUL BENJAMIN, | ) |
| Plaintiff, | ) Case: 3:24-cv-00567 |
| v. | ) |
| K&R PATRICK, LLC, | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, Paul Benjamin ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against K&R Patrick, LLC, ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Paul Benjamin, resides in Madison County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, K&R Patrick, LLC, is a corporation doing business in and for Madison County whose address is 2900 Nameoki Road, Granite City, IL 62040.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. Paul Benjamin was hired at K&R Patrick, LLC as a line cook on or about February 12, 2023 until he was constructively discharged on or around June 17, 2023.

12. Plaintiff's job duties as a line cook included but were not limited to:

- Stocking stations with necessary supplies
- Preparing food for service and
- Cooking menu items

13. Plaintiff suffers from Type 2 diabetes, a disability that substantially limits major life activities.

14. Plaintiff's disability requires him to monitor and regulate his blood sugar with the help of food and insulin.

15. Plaintiff is a "qualified individual" as defined under the ADA.

16. Regardless of Plaintiff's disability, he was qualified to perform the essential functions of his job, with or without reasonable accommodation.

17. Defendant was aware of Plaintiff's disability during the duration of his employment.

18. Plaintiff reasonably requested to be able to take breaks during his shifts in order to monitor and regulate his blood sugar.

19. Plaintiff's inability to monitor and regulate his blood sugar would result in life-threatening flare ups of his disability.

20. Defendant failed to accommodate Plaintiff's reasonable request and instead, scheduled him seven days a week in retaliation to push him out of the job.

21. Furthermore, Defendant scheduled Plaintiff for multiple twelve hour shifts in a row, often without breaks at all during his shifts.

22. In or around May 2023, Plaintiff informed his Manager, Brenda, that he would be

unable to continue working so many days and hours in a row without breaks as it was affecting the symptoms of his disability.

23. Plaintiff reasonably requested fewer double shifts in a row and a more consistent weekly schedule in order to accommodate his disability.

24. Instead of accommodating his reasonable request, Brenda responded to Plaintiff by saying, "due to your health issues, we are taking you off the schedule."

25. Brenda proceeded to remove the Plaintiff from the schedule entirely for two weeks.

26. Once Plaintiff returned to work, he was rarely scheduled for shifts and was only given two shifts a week at the most.

27. In or around June 2023, Plaintiff's manager contacted him again and stated that "we are taking you off the schedule for another week. Things are slowing down."

28. However, Defendant was interviewing and actively hiring new employees during this time.

29. Subsequently, Plaintiff was forced to leave his position due to the lack of available work that he was given.

30. Ultimately, on or about June 17, 2023 Plaintiff was constructively discharged on the basis of Plaintiff's disability and engaging in protected activity as described above.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

31. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

32. By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

33. Plaintiff met or exceeded performance expectations.

34. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

35. Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's disability.

36. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

37. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

38. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

39. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

40. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

42. Plaintiff is a qualified individual with a disability.

43. Defendant was aware of the disability and the need for accommodations.

44. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

45. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

46. Defendant did not accommodate Plaintiff's disability.

47. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

50. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

51. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

52. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations in the form or asking for a more consistent schedule.

53. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

54. In response to Plaintiff's request, Defendant took Plaintiff off of the schedule entirely and then never gave him a consistent amount of hours.

55. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reasonable request for accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

56. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of February, 2024.

                                                /s/ *Chad W. Eisenback*
                                                **CHAD W. EISENBACK, ESQ.**
                                                IL Bar No.: 6340657
                                                **SULAIMAN LAW GROUP LTD.**
                                                2500 S. Highland Avenue, Suite 200
                                                Lombard, Illinois 60148
                                                Phone (331) 307 - 7632
                                                Fax (630) 575 - 8188
                                                ceisenback@sulaimanlaw.com
                                                *Attorney for Plaintiff*