IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL BENJAMIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 24-cv-567- RJD |
| K&R PATRICK, LLC., | ) ) ) |
| Defendant. | ) ) ) |

**REPORT AND RECOMMENDATIONS**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Default Judgment. Doc. 12. In his Complaint, Plaintiff alleges that he was employed as a line cook by K&R Patrick, LLC (a corporation in Madison County, Illinois) from February 12, 2023, through June 17, 2023. Doc. 1, ¶11. Plaintiff alleges that he is a "qualified individual" under the ADA because of his Type 2 diabetes; he must monitor and regulate his blood sugar with "the help of food and insulin." *Id*., ¶¶13-15. As a line cook, he prepared food for Defendant's customers and stocked stations with necessary supplies. *Id*., ¶12. He requested to take breaks during his shift to monitor and regulate his blood sugar. *Id*., ¶18. Defendant denied this request and then scheduled Plaintiff to work seven days a week. *Id*., ¶20. Defendant also scheduled Plaintiff to work multiple twelve-hour shifts "in a row", often with no breaks during those shifts. *Id*., ¶21. Plaintiff told his manager that he could not continue working so many days and hours in a row without breaks because it was exacerbating the symptoms of his diabetes. *Id*., ¶22. Defendant then removed Plaintiff from the work schedule for the next two weeks. *Id*., ¶25. When Plaintiff returned to work, he was rarely

scheduled for a shift and, as a result, had to leave his position. *Id*., ¶29.

Plaintiff's Complaint contains three claims pursuant to the Americans with Disabilities Act: (1) disability-based discrimination; (2) failure to accommodate; (3) retaliation. This case was assigned to the undersigned Magistrate Judge pursuant to Administrative Order 347 and 367. Doc. 4. Defendant was served but never appeared and therefore has not had the opportunity to consent to magistrate judge jurisdiction. Accordingly, the undersigned issues this Report and Recommendation for consideration by a District Judge. As explained further, it is RECOMMENDED that Plaintiff's Motion for Default Judgment (Doc. 12) be GRANTED in the amount of $31,811.00.[1]

## FINDINGS OF FACT

Plaintiff submitted an affidavit, stating that he made $16.00 an hour working forty hours per week for Defendant, totaling $640.00 per week. Doc. 13-1, ¶10. He lost 22 weeks of work, totaling $14,080.00. *Id*. His attorney also submitted an affidavit, reflecting that Plaintiff's attorney's costs and fees in this matter total $6,675. Doc. 13-3.

At the hearing, Plaintiff testified that the loss of his job caused him anxiety and stress. He had daily panic attacks. He took medication for the panic attacks but could not remember if he had taken that medication prior to the termination of his employment with Defendant. He explained that he "went so hard for that company" and that losing his job made him "feel like less of a human being."

## CONCLUSIONS OF LAW

Pursuant to the Federal Rules of Civil Procedure, a defendant must file its answer "within

---

[1] Plaintiff also asks for leave to conduct discovery pursuant to Federal Rule of Civil Procedure 69(a)(2). The undersigned will consider that request pending the District Judge's decision on this Report and Recommendation.

21 days after being served with summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i).  A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the complaint.  *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) (citation omitted).

Rule 55(a) requires the Clerk of Court to enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against the opposing party's claims, and that failure is shown by affidavit or otherwise.  FED. R. CIV. P. 55(a). The Clerk's entry of default "is merely a formal matter and does not constitute an entry of judgment."  10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed. 2023).  When a defendant is found in default, all factual allegations in the complaint are deemed admitted for the purpose of liability and not subject to challenge.  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 605 (7th Cir. 2007).  The purpose of default judgment "is to allow district courts to manage their dockets efficiently and effectively."  *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990).

Here, the Clerk's default entry was proper under Rule 55(a).  According to the executed summons filed by Plaintiff, Plaintiff's process server gave "the papers" to "Tonya, the person in charge" at Defendant's place of business on March 28, 2024.  Doc. 9, p. 2.  Defendants have not contested the motion for default judgment filed by Plaintiff, nor did they otherwise appear in this case.  Accordingly, a default judgment against Defendants is proper.

Plaintiff was required to provide evidence to establish his entitlement to damages.  Fed. R. Civ. P. 55(b).  The damages award cannot be based upon conclusory or speculative testimony. *See e360 Insight*, 500 F.3d at 603.  Allegations in the complaint are not sufficient to establish

damages.  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).   The undersigned held a hearing to assess Plaintiff's testimony regarding the emotional distress he suffered because of his employment termination.  *See id.*   Plaintiff's affidavits reflect that he is entitled to back pay in the amount of $14,080 and attorney's costs and fees in the amount of $6,675.

Plaintiff may collect prejudgment interest on his back pay.   *Baier v. Rohr-Mont Motors, Inc.*, 175 F. Supp. 3d 1000, 1010-11 (N.D. Ill. 2016).   District courts use the prime rate to calculate prejudgment interest.  *Frey v. Coleman*, 903 F.3d 671, 683 (7th Cir. 2018).   Plaintiff asks the Court to use 7.5%.   Doc. 13, p. 6.   This request is granted; the Court notes that the prime rate has ranged from 8.0-8.5% over the last year. wsj.com/market-data/bonds/moneyrates (last accessed 11/4/2024).

Plaintiff is also entitled to post-judgment interest.   28 U.S.C. §1961.   Plaintiff may collect interest on his damages and attorney's fees and costs from the date of the entry of judgment. *Fleming v. County of Kane*, 898 F.2d 553, 565 (7th Cir. 1990).

## RECOMMENDATION

Having had the opportunity to hear Plaintiff's testimony, observe him in Court, and review his affidavits, the undersigned recommends that default judgment be entered against Defendant and in favor of Plaintiff in the amount of **$31,811.00 plus post-judgment interest.**   In reaching this amount, the undersigned considered Plaintiff's back pay (22 weeks x $640 in weekly wages=14,080.00), interest ($14,080 x 7.5%=$1,056), attorney's fees and costs ($6,675) and emotional distress ($10,000).

Plaintiff asked for $25,000 in emotional distress damages.   However, apart from informing the Court that he had daily anxiety attacks, he provided no other information regarding the frequency or severity of those attacks.   He gave vague and unhelpful testimony regarding

prescription medication for the anxiety attacks. Despite having the opportunity to testify on a direct exam by his attorney, Plaintiff's testimony lacked even a modicum of specificity to establish that his panic attacks and anxiety warrant an award of $25,000.00. The undersigned recommends awarding Plaintiff $10,000 in emotional distress damages.

Pursuant to 28 U.S.C. §636(b)(1) and SDIL-LR 73.1(b), the parties shall have (14) days after service of this Report and Recommendation to file any written objection(s). Generally, the failure to file a timely objection *may* result in the waiver of the right to challenge a Report and Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

The Clerk of Court is **DIRECTED** to assign a District Judge for consideration of the undersigned's Report and Recommendation.

**IT IS SO ORDERED.**

**DATED:   November 5, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**