**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

PAUL BENJAMIN,                              )
                                            )
        Plaintiff,                          )
                                            )
vs.                                         )        Case No. 24-cv-567-RJD-DWD
                                            )
K&R PATRICK, LLC.,                          )
                                            )
        Defendants.                         )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Report and Recommendation ("R&R") of

United States Magistrate Judge Reona J. Daly, recommending that default judgment be

entered in favor of Plaintiff and against Defendant in the amount of $31,811.00 plus post-

judgment interest. No objections have been filed. For the reasons stated below, the Court

**ADOPTS** the R&R.

## BACKGROUND

This action arises out of circumstances surrounding Plaintiff, who is a "qualified

individual" under the ADA, having to leave his job as a line cook for K&R Patrick, LLC

("K&R Patrick"). In connection with these circumstances, Plaintiff asserts three claims

pursuant to the Americans with Disabilities Act: (1) disability-based discrimination; (2)

failure to accommodate; and (3) retaliation.

K&R Patrick is a limited liability company that conducts business in Madison

County, Illinois whose address is 2900 Nameoki Road, Granite City, IL 62040. (Doc. 1, ¶

8). Its registered agent is Kinnarkumar Patel. *See* Illinois Secretary of State, Business Entity

Search, K&R Patrick, https://apps.ilsos.gov/businessentitysearch/businessentitysearch (Doc. 9). On April 1, 2024, Plaintiff filed a return of service, supported by an affidavit from the process server, indicating that, on March 28, 2024, the process served K&R Patrick personally at its address in Granite City by leaving the summons and complaint with "Tonya," the individual "who was in charge." [1] (Doc. 9, pg. 2).

On April 25, 2024, after K&R Patrick failed to answer, Plaintiff filed a Motion for Entry of Default. (Doc. 10), and the clerk entered default the following day. (Doc. 11). On May 16, 2024, Plaintiff filed a Motion for Default Judgment (Doc. 12), the Magistrate Judge set the matter for a hearing. (Doc. 14).

On October 8, 2024, the Magistrate Judge held an evidentiary hearing to establish the amount of damages to which Plaintiff is entitled. Plaintiff submitted an affidavit indicating that he made $640.00 per week and that he lost 22 weeks of work. Plaintiff also testified, stating that the loss of his job caused him severe anxiety and stress, including panic attacks for which he has been prescribed medication.

After examining the evidence and hearing testimony, the Magistrate Judge recommended that default judgment be entered against Defendant and in favor of Plaintiff in the amount of $31,811.00 plus post-judgment interest. In reaching this amount, the Magistrate Judge considered Plaintiff's back pay (22 weeks x $640 in weekly wages=14,080.00), interest ($14,080 x 7.5%=$1,056), attorney's fees and costs ($6,675) and

---

[1] The Affidavit of Service provides as follows: "Tonya – Age: 30s; Ethnicity: Caucasian; Gender: Female; Weight 100: Height 5'4''; Hair: Black; Eyes: Brown; Other: Asked for manager stated was not available ask who was in charge Tonya was called and handed papers to her." (Doc. 9, pg. 2).

emotional distress ($10,000).[2] There have been no objections to the Magistrate Judge's Report and Recommendation.

## LEGAL STANDARD

Where neither timely nor specific objections to the R&R are made, this Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the R&R for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Default judgment is appropriate when the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a case, provided that the Defendant is neither an infant nor an incompetent person. Fed.R.Civ.P. 55(a). In this case, Defendant has failed to plead or otherwise defend, and Defendant is not an infant or an incompetent person. Thus, default judgment is appropriate so long as K&R Patrick was properly served.

Federal Rule of Civil Procedure 4(h) governs service of on limited liability companies, indicating that service may be accomplished:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

---

[2] Plaintiff sought $25,000 in emotional distress damages. The Magistrate Judge, however, found that Plaintiff did not provide sufficient evidence to establish that his emotional distress and panic attacks warrant an award of $25,000.00.

In turn, Rule 4(e)(1) provides that service may be accomplished by following state

law "in the state where the district court is located or where service is made[.]" Thus, in

this instance, service on Defendant could be made pursuant to Illinois law.

Under Illinois law, service on a limited liability company is governed by section

1–50 of the Limited Liability Company Act. 805 ILCS 180/1–50; *John Isfan Construction,*

*Inc. v. Longwood Towers, LLC*, 2 N.E.3d 510, 517–18 (Ill. App. Ct. 2016). Under section 1–50

of the Limited Liability Company Act, a plaintiff may only serve process upon a limited

liability company by serving "the registered agent appointed by the limited liability

company or upon the Secretary of State." *Pickens v. Aahmes Temple #132, LLC*, 104 N.E.3d

507, 514 (Ill. App. Ct. 2018) (quoting 805 ILCS 180/1–50(a) ).

Here, service is not proper under Illinois law because Plaintiff did not serve K&R

Patrick's registered agent, Kinnarkumar Patel, or the Secretary of State. However, the

Affidavit of Service, which indicates that the process server left a copy of the summons

and complaint with the individual "in charge" and K&R Patrick, establishes that Service

was sufficient under Federal Rule of Civil Procedure 4(h)(1)(B). Accordingly, the Court

agrees with the Magistrate Judge's finding as to service of process.

The Court has also reviewed the Magistrate Judge's Report and Recommendation

on the issue of damages. The Court finds that there is no clear error in her findings of fact

or conclusions of law. Accordingly, the Report and Recommendation (Doc. 17) is

adopted in whole.

## CONCLUSION

For the reasons set forth herein, the Court **ADOPTS** the Report & Recommendation (Doc. 17) of the Magistrate Judge in its entirety. Accordingly, the Motion for Default Judgment (Doc. 12) is **GRANTED**. The Clerk is directed to enter judgment against Defendant and in favor of Plaintiff in the amount of $31,811.00 plus post-judgment interest and to close the case.

**SO ORDERED.**

Dated: December 11, 2024

DAVID W. DUGAN
United States District Judge